IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RAYMOND ARLEN HOLMES,<br><br>                Petitioner,<br>vs.<br><br>STEVE BULLOCK (MONTANA GOVERNOR, JAY EASLEY (GOVERNOR OF WASHINGTON), and JOHN DOE (MINERAL COUNTY SHERIFF),<br><br>                Respondents. | CV 20-27-H-BMM-JTJ<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Petitioner Raymond Holmes ("Holmes"), a *pro se* state prisoner, filed a Complaint alleging officers illegally extradited him from Washington to Montana. (Doc. 2.) Holmes claims Montana lacked jurisdiction to have him extradited and denied him his federal right to challenge his extradition by a petition for writ of habeas corpus. (Doc. 4 at 3.) Holmes claims that Governor Bullock denied him his right to a pre-extradition habeas corpus hearing and violated extradition procedures protected by the Constitution under 42 U.S.C. § 1983. (*Id*.) Holmes claims the Sheriff of Mineral County sent Montana officers to illegally extradite Holmes. (*Id*.)

1

Holmes claims Washington Governor Easley allowed Montana to extradite him using a Montana only warrant. (Doc. 2 at 4-5.)

The applicable statute of limitations for claims filed pursuant to 42 U.S.C § 1983 is Montana's statute of limitations governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). The statute of limitations for personal injury actions remains three years after the action accrues. Mont. Code Ann. § 27-2-204(1). A party's failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199 (2007). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

United States Magistrate Judge John Johnston issued Findings and Recommendations on July 16, 2020. (Doc. 4.) Judge Johnston recommended that the Court dismiss Holmes's complaint because the matter is barred by the applicable statute of limitations. (*Id.* at 3-4); *see* § 27-2-204(1), MCA.

Holmes filed objections to Judge Johnston's Findings and Recommendations. (Doc. 6.) Holmes contends that the applicable statute of limitations does not bar this matter because equitable tolling justifies his untimeliness. (*Id.*) The Court reviews *de novo* those Findings and

Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315, *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

    The Court accepts the facts alleged by Holmes to determine whether his allegations prove sufficient to merit equitable tolling. *See Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (en banc). A party who seeks equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). The party must further show that the extraordinary circumstances were the cause of his untimeliness and the extraordinary circumstances made it impossible to file a petition on time. *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006).

Holmes contends that he did not know of the injuries and violations of his rights until two months before he filed his Complaint (Doc. 6 at 1.) Holmes has not been pursuing his rights diligently, as evidenced by the fact that Holmes himself acknowledged that he only recently discovered what those rights are. (*Id.*) Holmes therefore fails to meet his burden to prove he acted diligently to warrant the Court to allow equitable tolling past the three-year statute of limitations. *See Pace,* 544 U.S. at 418.

Holmes asserts that the Montana State Prison denied him meaningful access to the courts by preventing him from acquiring legal materials to assist him with his Complaint. (Doc. 6 at 1-2.) In *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005), the Ninth Circuit determined that a prisoner's complete lack of access to a legal file may constitute an extraordinary circumstance. The Court distinguishes the *Espinoza-Matthews* decision from the present case because the Court remains well aware that prisoners have access to a wide range of legal materials at the Montana State Prison, including access to legal books and tablets with access to online law libraries. Furthermore, Holmes did not lack access to his own legal file. *See Espinoza-Matthews*, 432 F.3d at 1027. Holmes fails to present evidence that shows his alleged lack of access to legal materials constitutes an

extraordinary circumstance that would make it impossible for Holmes to file his complaint within the proper statute of limitations. *See Roy*, 465 F.3d at 969.

Holmes further argues that his mental health issues prevented him from timely filing his Complaint. (Doc. 6 at 2.) Holmes fails to produce supporting documents that reveal the type of mental health issues he has endured. Thus, Holmes's alleged mental health issues also do not constitute an extraordinary circumstance that justifies equitable tolling.

Holmes's objections fail because equitable tolling does not apply. Holmes fails to prove he pursued his rights diligently and encountered extraordinary circumstances that prevented him from filing within the three-year statute of limitations. *See Pace,* 544 U.S. at 418. Holmes, therefore, failed to state a claim upon which relief may be granted. *See Jones*, 549 U.S. at 199.

The Court reviewed the entirety of Judge Johnston's Findings and Recommendations for clear error. *See Rosling*, 2014 WL 693315 at *3. The Court finds no error. Accordingly, **IT IS ORDERED** that:

1. Judge Johnston's Findings and Recommendations (Doc. 4) are **ADOPTED IN FULL**.

2. This matter is **DISMISSED** as being barred by the applicable statute of limitations.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

5. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199 (2007); *Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of limitations constitutes a strike pursuant to 28 U.S.C. § 1915(g)).

**DATED** this 10th day of August, 2020.

/s/ Brian Morris
Brian Morris, Chief District Judge
United States District Court